<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

WILMINGTON SAVINGS FUND FSB,

               Plaintiff,

      v.

MELINDA HILL,

               Defendant.

Case No. 2:23-cv-00936 (BRM) (ESK)

**OPINION**

**MARTINOTTI, DISTRICT JUDGE**

      Before the Court is Defendant Melinda Hill's ("Hill") Notice of Removal and Application to Proceed *In Forma Pauperis* ("IFP"). (ECF No. 1.) Having reviewed Hill's filings and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause appearing, the matter is **DISMISSED**.

**I.    BACKGROUND**

      On February 14, 2023, Hill filed a "complaint" listing herself as the plaintiff, alleging Wilmington Savings Fund FSB ("Wilmington")[1], the trust for which Wilmington serves as Trustee, and the attorneys representing Wilmington engaged in "illegal" actions that took place in a state court ejectment proceeding.[2] She repeatedly asks the Court to remove her ejectment

---

[1] Wilmington is the only plaintiff in the underlying state court ejectment action. To the extent Hill's "complaint" asserts allegations germane to the foreclosure and/or ejectment proceeding against parties not named in those actions, her attempted removal is not the method by which those claims should be raised or by which parties should be added. In light of this and the procedural and jurisdictional defects, *see infra*, the Court need not reach the allegations against non-parties.

[2] Hill attached two state court documents prepared by counsel for Wilmington: (1) an unsigned "Order to Show Cause – Ejectment" for docket number ESX-DC-012955-22, and (2) Certification of William Godbey, REO Manager of Wilmington, for docket number F-018428-18. Because the Court could not glean from the face of Hill's filing which state court case(s) she was referring to and what the status of the case(s) were, the Court, through its own independent research, reviewed public records, finding docket number ESX-DC-012955-22 to

action from state court to federal court and to dismiss the case. Accordingly, the Court construes Hill's filing as an attempt to remove state court case number ESX-DC-012955-22 in which she is the defendant and Wilmington is the plaintiff.[3]

## II. LEGAL STANDARD

Because Hill filed an application to proceed IFP, the Court must start by reviewing her application and screening the case for dismissal.[4] When a non-prisoner seeks to proceed IFP under 28 U.S.C. § 1915, the applicant is required to submit an affidavit that sets forth his assets and attests to the applicant's inability to pay the requisite fees. *See* 28 U.S.C. § 1915(a); *Stamos v. New Jersey*, Civ. A. No. 095828 (PGS), 2010 WL 457727, at *2 (D.N.J. Feb. 2, 2010), *aff'd*, 396 F. App'x 894 (3d Cir. 2010) ("While much of the language in Section 1915 addresses 'prisoners,' section 1915(e)(2) applies with equal force to prisoner as well as nonprisoner *in forma pauperis* cases."); *Roy v. Penn. Nat'l Ins. Co.*, No. 14–4277, 2014 WL 4104979, at *1 n.1 (D.N.J. Aug. 19, 2014) (citations omitted).

Under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which a litigant proceeds IFP. *See* 28 U.S.C. § 1915(e)(2)(B); *Stamos v.*

---

be the ejectment action that Hill seeks to remove and have dismissed. Public records show that Hill defaulted in that matter, and, on December 6, 2022, an Order for Ejectment was entered in favor of Wilmington against Hill. On January 19, 2023, the state court entered a writ of possession. Hill did not appear in that matter or otherwise object to the state court's orders, and instead filed the "complaint" in this Court, which the Court construes as an attempt to remove the closed ejectment action.

[3] Even if this Court were to construe Hill's "complaint" as newly filed, independent complaint, the Court lacks jurisdiction, as Hill fails to adequately plead a federal question or sufficiently assert the parties' citizenship, warranting dismissal of the case. 28 U.S.C. §§ 1331, 1332; Fed. R. Civ. P. 12(h)(3).

[4] In a majority of cases, it is the plaintiff who applies to proceed IFP, and therefore the court screens plaintiff's complaint. Here, the defendant is applying to proceed IFP, and as such, the Notice of Removal must be screened. *Long & Foster Real Estate v. Smith*, No. 17-6768, 2017 U.S. Dist. LEXIS 148184, at *2 (D.N.J. Sept. 13, 2017). Regardless, the Court has an independent duty to ensure it has subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3), which it does not.

*New Jersey*, Civ. A. No. 095828 (PGS), 2010 WL 457727, at *2 (D.N.J. Feb. 2, 2010), *aff'd*, 396 F. App'x 894 (3d Cir. 2010) (applying § 1915 to nonprisoners). When reviewing such actions, the PLRA instructs courts to dismiss cases that are at any time frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune. *Id*. A court reviewing an IFP application "has the authority to dismiss a case 'at any time,' . . . regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an [IFP] application in either order or even simultaneously." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019); *see also id.* at 659 (explaining that the PLRA altered the two-step framework under § 1915 described in *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)).

### III. DECISION

While the Court must liberally construe Hill's submission because she is proceeding *pro se*, *see Dluhos v. Strasberg*, 321 F.3d 365, 373 (3d Cir. 2003) ("[W]e must liberally construe the prose litigant's pleadings, and we will apply the applicable law, irrespective of whether he has mentioned it by name."), Hill must, "nevertheless, comply with the Federal Rules of Civil Procedure." *Lynn v. Secretary, Dep't of Defense*, 431 F. App'x 147, 150 (3d Cir. 2011) ("While we have held that '[t]he allegations of a pro se litigant are generally held to a less stringent standard than formal pleadings prepared by a lawyer,' *United States v. Albinson*, 356 F.3d 278, 284 n.9 (3d Cir. 2004), pro se litigants are nonetheless required to comply with the procedures outlined in Rule 56 of the Federal Rules of Civil Procedure. *See Zilich v. Lucht*, 981 F.2d 694, 696 (3d Cir.1992)."). *See also Lewis v. Rego Co*., 757 F.2d 66, 68 (3d Cir. 1985) (finding that removal is a statutory right, and the procedures to effect removal must be followed). Having reviewed Hill's filing seeking removal, the Court finds it to be deficient, warranting dismissal.

Title 28 U.S.C. § 1446 governs removal and clearly outlines the procedural requirements. Specifically, defendant must file a properly signed notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant." *Id.* § 1446(a). Typically, a notice of removal of a civil action must be filed by a defendant within thirty days of service. *Id.* § 1446(b).

Procedurally, Hill's notice of removal is improper and out of time. Hill failed to include a copy of all pleadings filed in the underlying ejectment action and failed to indicate sufficient grounds for removal. Moreover, the state court docket includes an entry on November 29, 2022, indicating that Hill had been served. Accordingly, any notice of removal needed to be filed within thirty days of the date she was served. 28 U.S.C. § 1446(b). Because the attempted removal was not filed until February 14, 2023, it is out of time.[5]

Indeed, Hill's filing was so out of time that it was filed after the ejection action was closed. Because the action was closed, the ejectment action was never even removed to this Court. As such, remand is not appropriate, and the case must be dismissed.

Substantively, Hill's request that we "dismiss" the ejectment action is inappropriate, as this Court does not act as an appellate court to the state courts. *See In re Diet Drugs*, 282 F.3d 220, 240 (3d Cir. 2002) ("Under the *Rooker-Feldman* doctrine, inferior federal courts lack subject matter jurisdiction to review, directly or indirectly, state court adjudications," and "[r]eview of such adjudications must be pursued in the state appellate system, and, if necessary, by way of review of the state's highest court in the United States Supreme Court.") (citing

---

[5] Even if the removal were timely, Hill, as a New Jersey citizen, is barred by the forum-defendant rule from removing the ejection action. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

*Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923)). This Court, therefore, lacks subject matter jurisdiction over this matter. *See also supra* n.3.

IV. **CONCLUSION**

For the reasons set forth above, this matter is **DISMISSED** and shall be marked **CLOSED**. An accompanying order follows.


Dated: September 19, 2023

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**